IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JORGE AMADO HERNANDEZ CERRATO,<br><br>*Petitioner*,<br><br>v.<br><br>BRET BRADFORD, Field Office Director of Enforcement and Removal Operations, Houston Field Office, Immigration and Customs Enforcement; TODD LYONS, Acting Director for U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; ALEXANDER SANCHEZ, Warden of IAH Secure Adult Detention Facility,<br><br>*Respondents*. | § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 9:25-CV-00367<br>JUDGE MICHAEL J. TRUNCALE |

## <u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

Before the Court is Petitioner Jorge Amado Hernandez Cerrato's Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Jorge Amado Hernandez Cerrato ("Hernandez Cerrato") is a Honduran national. [Dkt. 1 at ¶ 1]. In November 2025 United States Immigration and Customs Enforcement ("ICE") detained Hernandez Cerrato. *Id.*

On December 30, 2025, Hernandez Cerrato brought a habeas corpus petition, claiming that

1

his detention violates both the Immigration and Naturalization Act ("INA")[1] and the Fifth Amendment to the United States Constitution. [Dkt. 1]. Hernandez Cerrato also seeks to assert his membership in *Maldonado Bautista v. Noem*, 5:25-cv-01873, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

Hernandez Cerrato challenges the legality of his detention on four separate grounds. First, he claims that the INA does not allow the Government to detain him during removal proceedings. [Dkt. 1]. Second, Hernandez Cerrato claims that the Government violated procedural due process by failing to afford him a custody redetermination, thereby rendering his detention itself unlawful. *Id.* Third, Hernandez Cerrato argues that his detention violates due process because he is eligible for custody redetermination. *Id.* Fourth, he seeks to assert his membership in *Maldonado Bautista*.

### A. Detention Pending Removal Proceedings

Hernandez Cerrato first challenges the Government's authority to detain him while removal proceedings are pending but no removal order has been issued. [Dkt. 1]. His challenge is misplaced,

---

[1] 8 U.S.C. § 1101 et seq.

since at least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must* be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), as Hernandez Cerrato argues, section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Hernandez Cerrato is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a). *See* [Dkt. 1].

### B. Custody Redetermination

Hernandez Cerrato next argues that his detention violates procedural due process and the INA because ICE failed to provide a custody redetermination before an immigration judge.[2] In any event, a petition for habeas corpus is generally not the proper vehicle for challenging conditions of confinement or confinement-related procedures. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Habeas petitions are a proper device for challenging confinement-related procedures only when those procedures would have resulted in the petitioner's automatic release if performed correctly. *See id.* Otherwise, detainees must challenge confinement-related procedures under 42 U.S.C. § 1983. *Id.*

Here, even if the INA or due process required that Hernandez Cerrato receive a custody redetermination, a custody redetermination would not necessarily result in Hernandez Cerrato's release from detention. *See* 8 C.F.R. § 236.1(d)(1). The INA's accompanying regulations provide that, in a custody redetermination, immigration judges may "detain the alien in custody," or "determine the amount of bond, *if any*, under which the [alien] is to be released." *Id.* (emphasis added). Hence, a custody redetermination could just as well have resulted in Hernandez Cerrato's continued detention, rather than his release from custody. *Id.* Accordingly, the Government's failure to provide a custody

---

[2] Courts often refer to custody redeterminations as "bond hearings." *See, e.g.*, *Cabanas v. Bondi*, No. 4:25-cv-04830, 2025 WL 3171331 at *4 (S.D. Tex. Nov. 13, 2025) (Eskridge, J.).

redetermination does not entitle Hernandez Cerrato to habeas relief.[3] *See Carson*, 112 F.3d at 820–21.

### C. *Maldonado Bautista*

The limitations of habeas corpus relief are also pertinent to Hernandez Cerrato's *Maldonado Bautisa* argument. Even if the Court were to follow the declaratory judgment in *Maldonado Bautista*, a writ of habeas corpus is not the proper vehicle. Habeas relief "may not be used to correct mere irregularities or errors of law." *Wooten v. Bomar*, 267 F.2d 900, 901 (6th Cir. 1959). Habeas is only to be used for release "from unlawful imprisonment or custody," and "any other purpose" is invalid. *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976); *Carson*, 112 F.3d at 820–21. The fact that officials have "failed to follow their own policies, without more, does not constitute a violation of due process." *Iruegas-Maciel v. Dobre*, 67 F.App'x 253 (5th Cir. 2003) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)).

### IV. CONCLUSION

Because Hernandez Cerrato has failed to demonstrate by a preponderance of the evidence that his detention violates any federal law, he cannot obtain habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Hernandez Cerrato's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 20th day of January, 2026.**

Michael J. Truncale
United States District Judge

---

[3] Hernandez Cerrato's Fifth Amendment claims, which are predicated on his other arguments, therefore also fail.